BRYAN SCHWARTZ LAW
BRYAN J. SCHWARTZ (SBN 209903)
RACHEL M. TERP (SBN 290666)
DECAROL A. DAVIS (SBN 316849)
1330 Broadway, Suite 1630
Oakland, California 94612
Tel: (510) 444-9300
Fax: (510) 444-9301
Email: bryan@bryanschwartzlaw.com
        rachel@bryanschwartzlaw.com
        decarol@bryanschwartzlaw.com

*Attorneys for Plaintiffs and Proposed
Collective and California Classes*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Luis Duque and Daniel Thibodeau, individually, on behalf of others similarly situated, and on behalf of the general public,

                    Plaintiffs,

          vs.

Bank of America, National Association, and DOES 1-50,

                    Defendant.

Case No.:

**COMPLAINT**
**CLASS AND COLLECTIVE**
**ACTION FOR DAMAGES AND**
**RESTITUTION**

(1) **Failure to Pay Overtime Compensation, Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.***

(2) **Failure to Pay Overtime Compensation, Cal. Lab. Code §§ 510, 1194 and IWC Wage Order(s)**

(3) **Failure to Provide or Authorize Meal and Rest Periods, Cal. Lab. Code §§ 512, 226.7, and IWC Wage Order(s)**

(4) **Failure to Provide Itemized Wage Statements, Cal. Lab. Code § 226**

(5) **Failure to Pay Earned Wages Upon Discharge, Waiting Time Penalties, Cal. Lab. Code §§ 201-204**

(6) **Unlawful and / or Unfair Business Practices, Cal. Business & Professions Code § 17200 *et seq.***

- 1 -

## **PRELIMINARY STATEMENT**

1.      This is a collective and class action brought by Individual Plaintiffs Luis Duque and Daniel Thibodeau ("Plaintiffs") on their own behalf and on behalf of the proposed Collective and California Classes identified below. Plaintiffs and the putative Class members were employed by Defendant Bank of America, National Association and Doe Defendants (collectively and hereinafter, "Defendant"), as Client Advocates, Senior Client Advocates, Operations Consultants, Senior Operations Consultants and other job titles performing the same or similar customer[1] complaint processing duties in a non-supervisory capacity in the Regulatory Complaints and Social Media Servicing group (collectively and hereinafter, "Client Advocates"),[2] throughout California and elsewhere in the United States.

2.      Plaintiffs and Collective and California Class members should have been classified as non-exempt employees under federal and state wage-and-hour laws, and should have received overtime pay consistent with the requirements of these laws. These employees are similarly situated under Federal Rule of Civil Procedure 23 the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

3.      The Proposed Collective Class is made up of all persons who were

---

[1] Parties use the word "customer" to describe consumers, regulatory agencies, Attorney General offices, non-profits, and other miscellaneous business channels for whom Plaintiffs and those similarly situated responded to inquiries and/or complaints.

[2] Defendant used many titles to refer to Plaintiffs and those similarly situated throughout the Class Periods defined in this Complaint, including but not limited to Client Advocates, Senior Client Advocates, Operations Consultants, Senior Operations Consultants, and other job titles performing the same or similar customer complaint processing duties. Upon information and belief, Plaintiffs and those similarly situated held different titles throughout the Class Periods, however, still completed the same job duties. Upon information and belief, Plaintiffs and those similarly situated always perform or performed customer service related duties in Defendant's Regulatory Complaints and Social Media Servicing group.

employed by Defendant as exempt Client Advocates in the United States at any time from January 5, 2015 through December 31, 2015 (the "Collective Class Period").

4. The Proposed California Class is made up of all persons who were employed by Defendant as exempt Client Advocates in the state of California from January 5, 2014 to December 31, 2015 (the "California Class Period").

5. The Proposed California Waiting Time Penalties Subclass is made up of all Proposed California Class members who are no longer employed by Defendant and have not been employed by Defendant for more than 72 hours within three years prior to this action's filing date through the final disposition of this action.

6. During the Collective Class Period and California Class Period, Defendant failed to pay appropriate compensation to each member of the Proposed Collective Class and California Class as required by federal and state law. Plaintiffs seek relief for the Proposed Collective Class and California Class pursuant to applicable federal and state laws, rules, regulations, and Wage Orders of the Industrial Welfare Commissions ("IWC"). The relief sought, in addition to restitution and injunctive relief, is to remedy the Defendant's failure to: pay appropriate overtime compensation, provide or authorize meal and rest periods, pay waiting time penalties.

## THE PARTIES

7. Plaintiff Luis Duque is an individual residing in Orange County, California. Defendant employed Mr. Duque from approximately September 2009 through May 2015 as a Client Advocate. During the Collective Class Period and California Class Period, Defendant classified Mr. Duque as exempt from state and federal overtime and meal and rest break requirements. While employed by Defendant, Mr. Duque worked in Defendant's Irvine offices in Orange County, California and from home. A signed consent form for Mr. Duque is attached as Exhibit A.

8. Plaintiff Daniel Thibodeau is an individual residing in Los Angeles County, California. Defendant employed Mr. Thibodeau from approximately March 2011 through August 2017 as a Client Advocate. During the Collective Class Period and California Class Period, Defendant classified Mr. Thibodeau as exempt from state and federal overtime and meal and rest break requirements. Upon information and belief, Defendant reclassified Mr. Thibodeau from exempt to non-exempt in mid-August 2015. While employed by Defendant, Mr. Thibodeau worked in Defendant's Brea offices in Orange County, California and from home. A signed consent form for Mr. Thibodeau is attached as Exhibit B.

9. Upon information and belief, Defendant Bank of America, N.A. is a National Banking Association with a principal place of business in North Carolina, which does business in and maintains offices in many states throughout the United States, including California.

10. Defendant Does 1-50, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiffs. When their true names and capacities are ascertained, Plaintiffs will amend this complaint by inserting their true names and capacities herein. Plaintiffs are informed and believe and thereon allege that each fictitiously-named Defendant is responsible in some manner for the occurrences herein alleged, and that the damages of Plaintiffs and the putative Class members herein alleged were proximately caused by such Defendant.

11. Plaintiffs and those similarly situated are individuals who were employed by Defendant as exempt Client Advocates (as defined in paragraph 1, *supra*). Their primary job duty was non-exempt clerical work consisting of handling the day to day customer service activities in the Regulatory Complaints and Social Media Servicing group, including processing inquiries and complaints received from customers, which include but are not limited to consumers, government agencies, non-profits, and other miscellaneous business channels. At all relevant times,

- 4 -

Defendant has been Plaintiffs' and the similarly situated individuals' "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

## JURISDICTION AND VENUE

12.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought under the FLSA, 29 U.S.C. §§ 207 and 216(b). The representative Plaintiffs have signed consent forms to join this lawsuit, attached hereto as Exhibits A and B.

13.    This Court also has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367, because the Plaintiffs' state law claims arise out of the same transactions or occurrences as the FLSA claims.

14.    Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. 1391(b)(2), because a substantial part of the events giving rise to the claims set forth herein occurred in Orange County, California.

## FACTUAL ALLEGATIONS

15.    Client Advocates worked in Bank of America's Regulatory Complaints and Social Media Servicing group. The primary duty of Client Advocates was non-exempt work that consisted of processing high volumes of individual customer service inquiries, which were frequently customer complaints. Most customers consisted of consumers, regulatory agencies, Attorney Generals' offices, non-profits, and other miscellaneous business channels. Plaintiffs and those similarly situated answered phone calls and written inquiries from customers. In doing so, Client Advocates worked under supervision of their managers. Client Advocates had to adhere to Defendant's detailed policies, procedures, protocols, and quality guidelines in their communications with customers.

16.    Client Advocates responded in writing to customers' verbal and written inquiries, according to standardized processes, frequently relying on scripts and

*Duque, et al. v. Bank of America, N.A.,*
COMPLAINT FOR DAMAGES AND RESTITUTION

template forms. A Client Advocate generated an itemized list of the customer's inquiries, sent each inquiry to the appropriate business channel, and waited to receive responses. Once the Client Advocate received an answer from the appropriate business channel, the Client Advocate then input the inquiry response into a letter, according to Defendant's formatting and content requirements. Each letter was reviewed by the quality assurance department, which could return the letter to the Client Advocate for corrections to content or format. Letters were also reviewed by Client Advocates' managers. Once the quality assurance department and / or manager approved the letters, the Client Advocate was permitted to send the letter to the customer.

17.    Plaintiffs and those similarly situated were required to process high volumes of response letters within strict turnaround times. Client Advocates documented their work in detail within a spreadsheet program, and managers closely monitored their production volumes and turnaround times. Failure to meet volume goals or turnaround time deadlines could result in discipline including a verbal warning, write-up, and/or termination.

18.    Plaintiffs and those similarly situated received regular performance evaluations, had frequent meetings with their managers to discuss their work, and attended mandatory team meetings which often focus on improving productivity.

19.    Plaintiffs and others similarly situated were required to attend trainings on a regular basis.

20.    Client Advocates routinely worked in excess of forty hours per week to meet deadlines and customer demands.

21.    During the relevant time periods, Plaintiffs and others similarly situated routinely worked over 40 hours per week without receiving overtime compensation. Plaintiffs often worked between 55 and 60 hours per week, including weekend days.

22.    During the relevant time periods, Plaintiffs and others similarly situated

- 6 -

worked over eight hours per day without receiving overtime compensation.

23.    During the relevant time periods, Defendant failed to provide or authorize uninterrupted 30-minute meal periods or uninterrupted 10-minute rest breaks to Plaintiffs or others similarly situated, or pay premiums worth one hour of pay at the affected employees' regular rate of pay.

24.    Because of the high volume of work and Defendant's failure to provide duty-free meal and rest periods, Plaintiffs and those similarly situated routinely were unable to take lawful breaks.

25.    Defendant classified Plaintiffs and others similarly situated as exempt from the FLSA's overtime protections and California's overtime and other wage protections.

26.    Client Advocates were not exempt based on the executive employee exemption because their job duties did not include managing Defendant's business, a department within Defendant's business, or a subdivision thereof. Client Advocates did not direct the work of at least two or more other full-time employees or their equivalent. Moreover, Client Advocates customarily had no input into hiring and firing.

27.    Client Advocates were not administratively exempt because they did not exercise discretion and independent judgment with respect to matters of significance, and were not managers or administrators of Defendant's general business operations or makers of Defendant's overarching policies. Client Advocates conducted routine non-managerial duties using detailed protocols, scripts, and templates to field calls and draft form letters in response to outside entities. Their letters were reviewed by a separate quality assurance department and / or manager before being sent. They were production-oriented, in the sense that they were measured by the number of customers served and the number of responses fully executed. Client Advocates were required to meet strict, standardized turnaround deadlines in accordance with

Defendant's policies and procedures.

28.   Plaintiffs and Plaintiffs' co-workers, according to Plaintiffs' observations, complained to their Managers about the excessive workload and overtime hours they were working.

29.   Defendant did not keep accurate records of the hours worked by Client Advocates. Plaintiffs' wage statements did not reflect their overtime hours worked.

30.   Defendant did not issue accurate itemized wage statements.

31.   Plaintiffs' wage statements did not reflect the premiums owed for missed meal and rest breaks.

32.   Plaintiffs were not paid overtime and other wages owed on at least a biweekly basis.

33.   Defendant's conduct, as set forth in this Complaint, was willful. Defendant operated under a scheme that has caused significant damages to Plaintiffs and similarly-situated individuals.

**COLLECTIVE ACTION ALLEGATIONS**

34.   Plaintiffs bring this action on behalf of themselves and other similarly situated employees in the Proposed Collective Class (as defined in paragraph 3, *supra*) as authorized under the FLSA, 29 U.S.C. § 216(b). Plaintiffs' consent forms are attached hereto as Exhibits A and B.

35.   Defendant suffered and permitted Plaintiffs and the Collective Class to work more than 40 hours per week.

36.   Plaintiffs and the Collective Class were paid by salary, with no overtime pay for their overtime hours worked.

37.   During the applicable statutory period, Defendant classified Plaintiffs and the Collective Class as exempt from overtime compensation.

38.   Defendant knew Plaintiffs and the Collective Class performed non-exempt work that required overtime pay. Defendant operated under a scheme to

deprive Client Advocates of overtime compensation by failing to properly compensate them for all hours worked.

39.     Defendant is liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Proposed Collective Class. There were numerous similarly-situated former employees of Defendant who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of Court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

## **CALIFORNIA CLASS ALLEGATIONS**

40.     Plaintiffs bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the Proposed California Class (as defined in paragraph 4, *supra*) and the Proposed California Waiting Time Penalties Subclass (as defined in paragraph 5, *supra*).

41.     Plaintiffs, on behalf of themselves and the Proposed California Class, allege and incorporate by reference the allegations in the preceding paragraphs.

42.     Numerosity: The Proposed California Class is so numerous that joinder of all members is impracticable. Plaintiffs are informed and believe, and on that basis allege, that during the relevant time period, Defendant employed more than 100 Client Advocates.

43.     Typicality: Plaintiffs' claims are typical of the members of the Proposed California Class. Plaintiffs are informed and believe that Client Advocates routinely worked more than eight hours per day and more than 40 hours per week during the Class Period. Plaintiffs had the same duties as or similar duties to other Class members and were subject to Defendant's policy and practice of: improperly treating and classifying these employees as "exempt" from state overtime law; misrepresenting to these employees that they were exempt from state overtime law;

*Duque, et al. v. Bank of America, N.A.,*
COMPLAINT FOR DAMAGES AND RESTITUTION

improperly failing to pay appropriate overtime compensation for all hours worked; failing to provide or authorize meal and rest breaks in compliance with state laws; failing to issue accurate itemized wage statements to these individuals; and failing to maintain accurate time records of hours worked by the Proposed California Class.

44.     Plaintiffs are typical of the proposed California Waiting Time Penalties Subclass, in that they were employed by Defendant and was so employed within three years prior to the filing of this suit, and Defendant willfully failed to pay final wages, in full and on time, after employment ended.

45.     Superiority: A class action is superior to other available methods for the fair and efficient adjudication of this controversy, particularly in the context of wage and hour litigation where an individual Plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a large corporate Defendant, and fear retaliation and blackballing in their industry. Prosecuting dozens of identical individual lawsuits statewide does not promote judicial efficiency, equity, or consistency in judicial results.

46.     Adequacy: Plaintiffs will fairly and adequately protect the interests of the Proposed California Class (and the proposed California Waiting Time Penalties Subclass), have no conflicts with the Proposed California Class's interests, and have retained counsel experienced in complex wage and hour class and collective action litigation.

47.     Commonality: Common questions of law and fact exist as to all members of the Proposed California Class and predominate over any questions solely affecting individual members of the Proposed California Class, including but not limited to:

        A.     Whether Defendant improperly classified Plaintiffs and members of the Proposed California Class as exempt from overtime laws based on their job duties;

- 10 -

B.    Whether Defendant unlawfully failed to pay appropriate overtime compensation to members of the Proposed California Class in violation of state wage laws;

C.    Whether Defendant's policies and practices provided and/or authorized meal and rest periods to the Proposed California Class in compliance with applicable state laws based on their job duties;

D.    Whether Defendant provided adequate itemized wage statements to the Plaintiffs and the Proposed California Class pursuant to applicable state wage laws;

E.    Whether Defendant failed to keep accurate time records for all hours worked by the Plaintiffs and the Proposed California Class in violation of state wage laws;

F.    The proper measure of damages sustained by the Proposed California Class; and

G.    Whether Defendant's actions were "willful."

48.    This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

49.    Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Proposed California Class predominate over any questions affecting only individual members of the Proposed California Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies and practices applicable to the Proposed California Class members denied

them overtime pay and meal and rest periods to which they are entitled. The damages suffered by the individual Proposed California Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

50.    Plaintiffs intend to send notice to all members of the Proposed California Class to the extent required by Rule 23. The names and addresses of the members of the Proposed California Class are available from Defendant.

## FIRST CLAIM FOR RELIEF

## FAIR LABOR STANDARDS ACT

### 29 U.S.C. § 201, *et seq.*

### (On Behalf of Plaintiffs and the Proposed Collective Class)

51.    Plaintiffs and the Collective Class allege and incorporate by reference the allegations in the preceding paragraphs.

52.    The FLSA requires each covered employer, such as Defendant, to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per week.

53.    Plaintiffs and the Collective Class were entitled to be paid overtime compensation for all hours worked. By failing to compensate Plaintiffs and the Collective Class overtime compensation, Defendant violated the FLSA, 29 U.S.C. § 201, *et seq.*

54.    Defendant knew or showed reckless disregard for the fact that it failed to pay these individuals overtime compensation in violation of the FLSA.

55.    By failing to record, report, and/or preserve records of hours worked by Plaintiffs and the Collective Class, Defendant failed to make, keep, and preserve records with respect to each of their employees sufficient to determine their wages, hours, and working conditions, in violation of the FLSA, 29 U.S.C. § 201 *et seq.*

- 12 -

56.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

57.    The forgoing conduct, as alleged, precludes a finding that Defendant's conduct was in good faith or that Defendant had reasonable grounds for believing its acts or omissions were not in violation of the FLSA pursuant to 29 U.S.C. § 260, so as to avoid a liquidated damages or other award.

58.    Plaintiff, on behalf of himself and the Collective Class, seeks damages in the amount of all unpaid overtime compensation owed to Plaintiffs and the Collective Class to be established at trial, liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), interest, and other legal and equitable relief as the Court deems just and proper. Plaintiff, on behalf of himself and the Collective Class, seeks recovery of attorneys' fees and costs to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF

## UNPAID OVERTIME WAGES UNDER CALIFORNIA STATE LAW

### California Labor Code §§ 510 and 1194, and IWC Wage Order(s)

### (On Behalf of Plaintiffs and the Proposed California Class)

59.    Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

60.    The overtime wage provisions of Labor Code §§ 510, 1194, 1198, and the IWC Wage Order(s) apply to Defendant and protect Plaintiffs and the Proposed California Class.

61.    Defendant, pursuant to its policies and practices, unlawfully and willfully refused to pay Plaintiffs and Proposed California Class members overtime premiums the hours they worked over eight hours in a day and over 40 hours in a week.

62.    By failing to pay overtime wages to Plaintiffs and the California Class,

- 13 -

1  Defendant willfully violated, and continues to violate, Plaintiffs' statutory rights and

2  those of the Proposed California Class under the California Labor Code and its

3  supporting Wage Order(s).

4  63.  Plaintiffs on behalf of themselves and the Proposed California Class,

5  seek damages for their loss of earnings for hours of overtime worked on behalf of

6  Defendant, in an amount to be established at trial, plus, reasonable attorney's fees

7  and costs of the action, interest, and such other legal and equitable relief as the Court

8  deems proper.

9  **THIRD CLAIM FOR RELIEF**

10  **FAILURE TO PROVIDE OR AUTHORIZE MEAL AND REST PERIODS**

11  **California Labor Code §§ 512 and 226.7, and IWC Wage Order(s)**

12  **(On Behalf of Plaintiffs and the Proposed California Class)**

13  64.  Plaintiffs allege and incorporate by reference the allegations in the

14  preceding paragraphs.

15  65.  Plaintiffs and the Proposed California Class regularly worked in excess

16  of five hours a day without being afforded at least a half-hour uninterrupted meal

17  period in which they were relieved of all duties, as required by California Labor Code

18  §§ 226.7 and 512 and IWC Wage Orders.

19  66.  Plaintiffs and the Proposed California Class Members, at least twice a

20  week, worked in excess of 10 hours a day without being afforded a second half-hour

21  uninterrupted meal period in which they were relieved of all duties, as required by

22  California Labor Code §§ 226.7 and 512 and IWC Wage Orders.

23  67.  Because Defendant failed to afford proper meal periods, it is liable to

24  Plaintiffs and the Proposed California Class for one hour of additional pay at the

25  regular rate of compensation for each workday that the proper meal periods were not

26  provided, pursuant to California Labor Code § 226.7 and IWC Wage Orders.

27  68.  Plaintiffs and the Proposed California Class regularly worked more than

28

- 14 -

three and one-half hours in a day without being authorized and permitted to take a 10-minute rest period in which they members were relieved of all duties, and regularly worked more than six hours in a day without being authorized and permitted to take two, 10-minute rest periods in which they were relieved of all duties per four hours or major fraction thereof, as required under California Labor Code § 226.7 and IWC Wage Orders. Plaintiffs and the Proposed California Class members have worked in excess of 10 hours without being authorized and permitted to take additional 10-minute rest periods in which they were relieved of all duties.

69.    Because Defendant failed to afford proper rest periods, it is liable to Plaintiffs and California Class members for one hour of additional pay at the regular rate of compensation for each workday that the proper rest periods were not provided, pursuant to California Labor Code § 226.7(b) and IWC Wage Orders.

70.    Defendant's failure to pay meal and rest period premiums was done willfully, in bad faith, in knowing violation of the California Labor Code and the IWC Wage Order.

71.    By violating California Labor Code §§ 226.7 and 512, and IWC Wage Orders, Defendant is liable for unpaid missed meal and rest break premiums, reasonable attorneys' fees and costs under California Code of Civil Procedure § 1021.5.

## FOURTH CLAIM FOR RELIEF

### FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS

#### California Labor Code § 226

#### (On Behalf of Plaintiffs and the Proposed California Class)

72.    Plaintiffs, on behalf of themselves and the Proposed California Class, allege and incorporate by reference the allegations in the preceding paragraphs.

73.    California Labor Code § 226(a) provides that, at the time of each payment of wages, an employer shall provide each employee with a wage statement

- 15 -

itemizing, among other things, the total hours worked by the employee in the pay period. California Labor Code § 226(e) provides that an employee suffering injury as a result of a knowing and intentional failure by an employer to comply with Labor Code § 226(a) may recover the greater of his or her actual damages or a penalty of $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period (up to a maximum of $4,000), in addition to attorneys' fees and costs.

74.    Defendant knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, *inter alia*, of hours worked, to Plaintiffs and the Proposed California Class in accordance with Labor Code § 226(a). Such failure caused injury to Plaintiffs and the Proposed California Class members, by, among other things, impeding them from knowing the total hours worked and the amount of wages to which they were entitled. Plaintiffs and the Proposed California Class were therefore entitled to the damages and penalties provided for under Labor Code § 226(e). Additionally, pursuant to Code of Civil Procedure § 1021.5, *inter alia,* Plaintiffs and the California Class are entitled to attorneys' fees and costs. Pursuant to Labor Code § 226(g), Plaintiffs are also entitled to seek injunctive relief requiring Defendant to comply with Labor Code § 226(a).

## FIFTH CLAIM FOR RELIEF

### FAILURE TO PAY EARNED WAGES UPON DISCHARGE

**California Labor Code §§ 201-204**

**(On Behalf of Plaintiffs and the Proposed California Waiting Time Penalties Subclass)**

75.    Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

76.    Defendant directly controlled the pay of Plaintiffs and the Proposed California Waiting Time Penalties Subclass. Defendant was responsible for making

- 16 -

prompt payments to Plaintiffs and the Proposed California Waiting Time Penalties Subclass.

77.    California Labor Code §§ 201 and 202 require an employer to pay its employees all wages due within the time specified by law. Labor Code § 203 provides that if an employer willfully fails to pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

78.    Plaintiffs and the Proposed California Waiting Time Penalties Subclass members ceased employment with Defendant and are entitled to unpaid compensation, but to date have not received such compensation, more than 72 hours after cessation of their employment.

79.    Defendant failed to pay the earned and unpaid wages of Plaintiffs and the Proposed California Waiting Time Penalties Subclass within 30 days from the time such wages should have been paid under Labor Code §§ 201 and 202.

80.    Defendant willfully failed to timely compensate Plaintiffs and the Proposed California Waiting Time Penalties Subclass for all hours worked. As a result, Defendant is liable to Plaintiffs and the Proposed California Waiting Time Penalties Subclass, together with interest thereon and reasonable attorneys' fees and costs, under California Labor Code § 203.

## SIXTH CLAIM FOR RELIEF

## UNFAIR COMPETITION

**Unfair Practice, California Business & Professions Code § 17200 *et seq*.**

**(On Behalf of Plaintiffs and the Proposed California Class)**

81.    Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

82.    California's Unfair Competition Law, California Business and Professions Code § 17200 et seq., prohibits unfair competition, including any

- 17 -

unlawful or unfair business acts or practices. The foregoing conduct by Defendant, as alleged, constitutes unlawful business actions and practices in violation of § 17200.

83.    Pursuant to Business and Professions Code § 17200 et seq., Plaintiffs and the California Class are entitled to: restitution of the overtime earnings and other unpaid wages and premiums alleged herein that Defendant has improperly withheld and retained during a period that commences four years prior to the filing of this action; an award of attorneys' fees and costs pursuant to Code of Civil Procedure § 1021.5, and other applicable law.

## **PRAYER FOR RELIEF**

84.    WHEREFORE, Plaintiffs, on behalf of themselves and all members of the Collective and California Classes, pray for relief as follows:

A.    Designation of this action as a collective action on behalf of the Plaintiffs and those similarly situated and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated appraising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

B.    Judgment that Plaintiffs and those similarly situated were non-exempt employees entitled to protection under the FLSA and California law;

C.    Judgment against Defendant for violation of the overtime provisions of the FLSA and California law and California's meal and rest break provisions;

D.    Judgment that Defendant's violations described above were willful;

E.    An award in the amount equal to Plaintiffs' and the Collective

Case 8:18-cv-01298-PA-MRW   Document 1   Filed 07/26/18   Page 19 of 19   Page ID #:19

1  Class's and California Class's unpaid back wages at the
2  applicable overtime rates;

3  F.  An award of waiting time penalties under California law;

4  G.  An award to Plaintiffs and those similarly situated for the amount
5  of unpaid wages owed, liquidated damages, and penalties where
6  provided by law, and interest thereon;

7  H.  An award of reasonable attorneys' fees and costs pursuant to 29
8  U.S.C. § 216, Labor Code § 1194, California Code of Civil
9  Procedure § 1021.5, and/or other applicable laws;

10  I.  An award of prejudgment interest to the extent liquidated
11  damages are not awarded;

12  J.  For such other and further relief, in law or equity, as this Court
13  may deem appropriate and just.

Respectfully submitted,
Dated: July 26, 2018         BRYAN SCHWARTZ LAW

By:  */s/ Bryan J. Schwartz*
Bryan J. Schwartz
Rachel M. Terp
DeCarol A. Davis
*Attorneys for Plaintiffs and Others Similarly Situated*

- 19 -

*Duque, et al. v. Bank of America, N.A.,*
COMPLAINT FOR DAMAGES AND RESTITUTION