# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SA CV 18-1298 PA (MRWx) | Date | May 13, 2019 |
|---|---|---|---|
| Title | Luis Duque, et al. v. Bank of America, N.A. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Phyllis Preston | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Bryan J. Schwartz | John A. Van Hook |

**Proceedings:**  MOTIONS FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ATTORNEYS' FEES

Before the Court are a Motion for Final Approval of Class Action Settlement (Docket No. 46) and a Motion for Attorneys' Fees and Costs (Docket No. 47) filed by plaintiffs Luis Duque and Daniel Thibodeau (collectively "Plaintiffs" or "Named Plaintiffs"). Defendant Bank of America, N.A. ("BANA") does not oppose either motion. The Court conducted a Fairness Hearing on May 13, 2019.

Plaintiffs seek final approval of their settlement of wage-and-hour claims on behalf of both a putative California class and a Fair Labor Standards Act ("FLSA") collective of all persons who were classified as exempt by BANA and worked as Client Advocates, Senior Client Advocates, Operations Consultants, Senior Operations Consultants, and/or other job titles performing the same or similar customer complaint processing duties in BANA's Regulatory Complaints and Social Media Servicing Group. The California wage-and-hour class defines a class period from January 5, 2014, to December 31, 2015, when BANA reclassified the effected workers to non-exempt status, and the FLSA collective covers a period from January 5, 2015, to December 31, 2015, because the FLSA has a shorter statute of limitations than do the California claims.

The Court granted preliminary approval to the parties' amended settlement agreement (the "Settlement Agreement") on December 10, 2018. The Settlement Agreement that the Court preliminarily approved provides that members of the FLSA Collective had 90 days from the initial mailing of the Notice of Settlement to submit a Consent to Join Fair Labor Standards Act Settlement and Release of Claims form ("FLSA consent-to-join") to the claims administrator. Members of the FLSA collective who did not send in FLSA consents-to-join within 45 days after the initial mailing of the Notice of Settlement received reminder post cards. Members of the FLSA collective who did not submit valid and timely FLSA consents-to-join would not receive payment of FLSA-related settlement benefits and would not have released their FLSA claims. The Settlement Agreement includes a settlement amount of $1,950,000, from which

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 18-1298 PA (MRWx) | Date | May 13, 2019 |
|---|---|---|---|
| Title | Luis Duque, et al. v. Bank of America, N.A. | | |

25%, or $487,500 would be awarded to Plaintiffs' counsel, up to $20,000 to reimburse litigation costs, Named Plaintiffs would receive $5,000 service awards, three additional plaintiffs who have already opted-in would receive $2,500 enhancement payments, and the claims administrator's fees are capped at $20,000.

According to the Motion for Final Approval and the Supplemental Declarations of Rachel Terp and Abigail Schwartz, the California class consists of 148 members and the FLSA collective has 173 members. The claims administrator provided the notice contemplated by the Settlement Agreement and required by the Court's December 10, 2018 Minute Order. Only two members of the California class have opted out and 115 of the FLSA collective members have opted-in, for a total participation rate of approximately 81.3% The average net settlement amount for members of the class and collective is $5,418.53. No member of the class or collective has submitted an objection to class counsel, the claims administrator, or filed an objection with the Court. Although the Settlement Agreement provided up to $20,000 for litigation costs, class counsel actually seeks $13,263.21 in costs.

Rule 23(e) requires a district court to determine whether a proposed class action settlement is "fundamentally fair, adequate, and reasonable." Staton v. Boeing Co., 327 F.3d 938, 959 (9th Cir. 2003). To make this determination, courts consider a number of factors, including: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed, and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. See id. Also, the settlement may not be the product of collusion among the negotiating parties. In re Mego Fin. Corp. Sec. Litig., 213 F.3d 454, 458 (9th Cir. 2000). The Ninth Circuit has declared that a strong judicial policy favors settlement of class actions. Class Plaintiffs v. City of Seattle, 955 F.2d 1268, 1276 (9th Cir. 1992).

The Court conducted the Rule 23(e) analysis in its December 10, 2018 Minute Order granting the Motion for Preliminary Approval and adopts the same analysis for purposes of the Motion for Final Approval. For all of the reasons stated in the December 10, 2018 Minute Order, the Court finds that the Settlement Agreement is fundamentally fair, adequate, and reasonable. This conclusion is further supported by the high number of FLSA collective members who have filed consents-to-join, the low number of California class members who have opted out of the settlement, and the absence of any objections.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 18-1298 PA (MRWx) | | Date | May 13, 2019 |
|---|---|---|---|---|
| Title | Luis Duque, et al. v. Bank of America, N.A. | | | |

      The Court therefore grants the Motion for Final Approval and Motion for Attorneys' Fees and Costs.  The Court grants final approval of the Settlement Agreement.  The Court authorizes service payments to Luis Duque and Daniel Thibodeau of $5,000 each, and to Sharon Gamble, Felipe Fuentes, and Alina Abad of $2,500 each.  The Court awards attorneys' fees of $487,500 and litigation costs of $13,263.21 to Plaintiffs' counsel, and payment of up to $17,500 to Rust Consulting, Inc., as the claims administrator.  The Court orders BANA to provide the entirety of the Settlement Fund to the claims administrator for disbursement in accordance with the terms of the Settlement Agreement.  The Court further orders the claims administrator to pay all members of the Settlement Class that submitted valid claims and claims otherwise accepted by the parties in accordance with the terms of the Settlement Agreement.  The Court approves Legal Aid at Work as the cy pres recipient.  Plaintiffs and all members of the California Class, FLSA Collective, or both who do not timely and properly exclude themselves from the terms of this Agreement (by opting out, withdrawing written consent, or for FLSA Collective members never opting in) have expressly waived and relinquished the Released Claims as stated in the Settlement Agreement.  The Court will enter a Judgment consistent with this Order and the Settlement Agreement.

      IT IS SO ORDERED.

_____:____07_____

Initials of Preparer: _____kss_____